

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 9, 1975

The Honorable David K. Brinkerhoff
County Attorney
Hardeman County
Quanah, Texas 79252

Opinion No. H- 623

Re: Status of county and
district clerks who were
elected at the last general
election in view of article
1903, V. T. C. S.

Dear Mr. Brinkerhoff:

You have requested our opinion regarding the status of the offices
of County and District Clerk for Hardeman County. You advise that in
the 1970 federal census, Hardeman County had a population of fewer than
8,000. For all counties having a population of fewer than 8,000, accord-
ing to the last preceding federal census, article 1903, V. T. C. S., requires
that:

> . . . there <u>shall</u> be elected a single clerk who
> shall perform the duties of the district clerk
> and the county clerk, unless a majority of the
> qualified voters of the county who participate
> in a special election, called by the Commissioners
> Court for that purpose, vote to keep the offices
> of county and district clerk separate. (Emphasis
> supplied).

No such special election has been called. However, candidates for the
offices of both district and county clerk were purportedly elected at the
1974 general election.

We believe that the election was not effective to fill these two
offices, by virtue of the express requirement of article 1903. Two earlier
Opinions of this office reached the same result.

> [U]nder the Constitution and statutes of Texas,
> such offices are not subject to being filled by
> election by the qualified voters in the . . . general
> election, there being in lieu thereof only the joint
> office of county and district clerk -- one office --
> to be filled.    Attorney General Opinion O-2591 (1940).

See also Attorney General Opinion O-2515 (1940).

Since no "single clerk," pursuant to article 1903, was elected in 1974, you also inquire as to the method by which the office of single County-District Clerk may be filled prior to the next general election. Article 5, section 9 of the Texas Constitution provides that vacancies in the office of district clerk are to be filled by the judge of the district court.    Article 5, section 20, requires that vacancies in the office of county clerk shall be filled by the commissioners court.  A proviso to article 5, section 20 then establishes the constitutional basis for article 1903:

> . . . provided, that in counties having a
> population of less than 8,000 persons there
> may be an election of a single Clerk, who
> shall perform the duties of District and County
> Clerks.

We believe that the presence of this language authorizing the office of single Clerk in certain counties as a proviso to the article creating the office of county clerk and prescribing a means by which vacancies shall be filled indicates the intent of the voters in the election approving the constitutional provision to fill a vacancy in the office of single Clerk in the same manner.  Since no other constitutional provision or statute speaks directly to this question, it is our opinion that a court would probably hold that article 5, section 20 is deemed to specify the means by which a vacancy in the single office of Clerk is to be filled.  Consequently, in our opinion, the presently vacant office of Clerk of Hardeman County is to be filled, until the next general election, by the Commissioners Court.

## SUMMARY

Neither a county clerk nor a district clerk was validly elected in Hardeman County at the 1974 general election, for the reason that such offices were not then in existence.   The present vacancy in the office of Clerk of Hardeman County should be filled, pending the next general election, by the Commissioners Court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg